# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

# MILWAUKEE DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 NOV 12 A 11: 02

CLERK OF COURT

26-C 2098

**Eknolege El, formerly known as Marvin Ealy,**
Plaintiff,

v.

**Deputy Wayne A. Griffin, individually; Deputy Paul P. Kashishian, individually; Deputy Daniel K. Dittberner, individually; Deputy Michael Galezewski, individually; Deputy Derek P. Rheaume, individually; and Milwaukee County, Wisconsin,**

Defendants.

**Case No.:** ______________________

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

**JURY TRIAL DEMANDED**

## I. NATURE OF THE ACTION

1. Plaintiff Eknolege El, formerly known as Marvin Ealy, brings this civil action under 42 U.S.C. § 1983 for alleged violations of rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.
2. This action arises from an incident at the Vel R. Phillips Juvenile Justice Center in Milwaukee, Wisconsin, on **May 1, 2025**, the date identified in CAD Activity Detail Report No. 25-075710.
3. Plaintiff entered the courthouse to obtain paperwork concerning his daughter from the Clerk of Courts.
4. Plaintiff successfully passed through the courthouse metal detector without triggering an alarm. He was subsequently called back and instructed to remove his jacket.
5. Plaintiff questioned why he was being required to remove his jacket and requested an explanation and the written policy supporting the additional screening.
6. After additional deputies were requested, Deputy Wayne A. Griffin arrived and demanded Plaintiff's identification.
7. Deputy Griffin threatened to arrest Plaintiff if he did not provide identification. Plaintiff handed over his identification because of that threat.
8. Plaintiff alleges that he did not voluntarily consent to the demand. He complied because a law-enforcement officer threatened to arrest him if he refused.
9. Plaintiff further alleges that other responding deputies witnessed or became aware of the threat and failed to intervene.

## II. JURISDICTION AND VENUE

10. This Court has federal-question jurisdiction under 28 U.S.C. § 1331.
11. This Court has jurisdiction under 28 U.S.C. § 1343 because Plaintiff seeks redress for alleged deprivation of constitutional rights under color of state law.
12. Plaintiff brings this action under 42 U.S.C. § 1983.

13. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391 because the events giving rise to this action occurred in Milwaukee County, Wisconsin.

# III. PARTIES

14. Plaintiff Eknolege El, formerly known as Marvin Ealy, is an individual residing in Wisconsin.
15. Defendant Deputy Wayne A. Griffin was, at all relevant times, a law-enforcement officer acting under color of state law. He is sued in his individual capacity.
16. Defendant Deputy Paul P. Kashishian was, at all relevant times, a law-enforcement officer acting under color of state law. He is sued in his individual capacity.
17. Defendant Deputy Daniel K. Dittberner was, at all relevant times, a law-enforcement officer acting under color of state law. He is sued in his individual capacity.
18. Defendant Deputy Michael Galezewski was, at all relevant times, a law-enforcement officer acting under color of state law. He is sued in his individual capacity.
19. Defendant Deputy Derek P. Rheaume was, at all relevant times, a law-enforcement officer acting under color of state law. He is sued in his individual capacity.
20. Defendant Milwaukee County, Wisconsin, is a municipal government entity responsible for applicable policies, practices, training, and supervision of personnel under its authority.

# IV. FACTUAL ALLEGATIONS

## A. Arrival and Initial Screening

21. On May 1, 2025, Plaintiff entered the Vel R. Phillips Juvenile Justice Center in Milwaukee, Wisconsin, to obtain paperwork concerning his daughter from the Clerk of Courts.
22. Plaintiff proceeded through the courthouse metal detector.
23. The metal detector did not activate an alarm as Plaintiff passed through it.
24. Plaintiff was subsequently called back because he still had his jacket on and was instructed to remove it.
25. Plaintiff questioned why he was being required to remove his jacket when the metal detector had not alerted to any object or weapon.
26. Plaintiff requested an explanation and asked to see the written policy or rule requiring him to remove his jacket under those circumstances.
27. Plaintiff does not allege that courthouse security was prohibited from conducting additional screening. His complaint concerns the circumstances and manner in which the interaction escalated after he questioned the instruction.

## B. Deputy Griffin's Arrival and Threat of Arrest

28. Following the disagreement at the screening area, additional deputies were requested.
29. Deputy Wayne A. Griffin arrived after the initial interaction concerning the jacket-removal instruction.
30. Deputy Griffin demanded that Plaintiff provide identification.
31. Deputy Griffin threatened Plaintiff with arrest if Plaintiff did not provide identification.
32. Plaintiff handed his identification to Deputy Griffin because he feared being arrested if he refused.
33. Plaintiff's compliance was compelled by the threat of arrest and was not voluntary consent.
34. Plaintiff alleges that Deputy Griffin used his authority as a law-enforcement officer to compel Plaintiff to surrender his identification.

35. Plaintiff alleges that the other responding deputies were present, witnessed or became aware of Deputy Griffin's threat, and failed to intervene.
36. Plaintiff contends that the encounter could have been handled without threatening him with arrest for questioning the screening instruction.

## C. Escort to the Clerk of Courts and Departure

37. Deputy Paul P. Kashishian escorted Plaintiff to the Clerk of Courts.
38. Plaintiff was subsequently escorted out of the courthouse.
39. Plaintiff's purpose for entering the courthouse was to obtain paperwork concerning his daughter.
40. The encounter escalated beyond the original screening disagreement and interfered with Plaintiff's ability to conduct his courthouse business without the confrontation described in this complaint.

## D. CAD Activity Detail Report

41. Plaintiff obtained CAD Activity Detail Report No. **25-075710** concerning the incident.
42. The CAD report identifies the responding deputies, including the five individual defendants named in this complaint.
43. The report contains recorded dispatch and activity entries concerning the deputies' response.
44. The CAD information supplied by Plaintiff records dispatch activity at approximately 12:59 p.m., an escort to the Clerk of Courts at approximately 1:07 p.m., a screening/compliance entry at approximately 1:15 p.m., an escort out of the courthouse at approximately 1:56 p.m., and completion of the assignment at approximately 1:59 p.m.
45. Plaintiff clarifies that these CAD timestamps document the dispatch and subsequent recorded activities of responding deputies. They do not necessarily establish the exact time the original disagreement concerning the jacket-removal instruction began.

46. The CAD report contains the notation “gained compliance.”
47. The report lists Plaintiff as the caller or contact person. Plaintiff disputes that this designation means he requested deputies to be dispatched against him.
48. Plaintiff relies on the CAD report as documentary evidence of the responding deputies' identities and the recorded response timeline.

### E. Recording of the Incident

49. Plaintiff has an actual recording of the incident stored on his cellular telephone.
50. Plaintiff can see the recording on his phone but has been unable to open or play the recorded conversation.
51. Plaintiff is attempting to recover the recording through data-recovery assistance.
52. Plaintiff identifies this recording as potential evidence of the encounter and intends to preserve the original recording and make it available if it can be recovered.
53. Plaintiff does not presently have courthouse surveillance video in his possession.

## V. EVIDENCE AND PRESERVATION OF RECORDS

54. Plaintiff identifies CAD Activity Detail Report No. 25-075710 as documentary evidence relevant to this action.
55. Plaintiff requests preservation and production of records relating to the incident, including:

a. The complete CAD activity report and associated dispatch notes;

b. Dispatch audio and radio communications;

c. Body-worn camera footage from responding deputies, if any exists;

d. Courthouse surveillance recordings, if any remain available;

e. Incident reports, supplemental reports, and written statements;

f. Records identifying the courthouse screening personnel involved;

g. Policies and procedures governing courthouse screening, jacket removal, additional screening, and requests for identification;

h. Records documenting why additional deputies were requested;

i. Records explaining why Plaintiff was listed as the caller or contact person; and

j. Records showing the arrival, departure, and assignment activities of the responding deputies.

56. Plaintiff requests preservation of relevant electronic and recorded evidence because it may be material to determining what occurred and the actions of each defendant.

# VI. CLAIMS FOR RELIEF

## COUNT ONE — UNREASONABLE SEIZURE

**Fourth Amendment — 42 U.S.C. § 1983**
**Against Deputy Wayne A. Griffin**

57. Plaintiff incorporates paragraphs 1 through 56 as though fully set forth herein.
58. The Fourth Amendment protects individuals against unreasonable searches and seizures by government officials.
59. Deputy Griffin demanded Plaintiff's identification and threatened to arrest him if he refused to provide it.
60. Plaintiff submitted to Deputy Griffin's assertion of authority and handed over his identification because he feared arrest.

61. Plaintiff did not voluntarily consent to the demand. His compliance resulted from the threat of arrest made by a law-enforcement officer exercising official authority.
62. Plaintiff alleges that Deputy Griffin's conduct compelled him to surrender his identification and constituted an unreasonable seizure under the Fourth Amendment.
63. Plaintiff seeks relief under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights.

## COUNT TWO — FAILURE TO INTERVENE

**42 U.S.C. § 1983**

**Against Deputies Paul P. Kashishian, Daniel K. Dittberner, Michael Galezewski, and Derek P. Rheaume**

64. Plaintiff incorporates paragraphs 1 through 63 as though fully set forth herein.
65. An officer who knows that another officer is violating a person's constitutional rights and has a reasonable opportunity to prevent the violation may be liable for failing to intervene.
66. Plaintiff alleges that the responding deputies were present during the encounter or otherwise became aware of Deputy Griffin's threat of arrest.
67. Plaintiff alleges that these deputies had an opportunity to intervene, prevent further escalation, or take reasonable steps to address the situation.
68. Plaintiff alleges that they failed to intervene.
69. Plaintiff contends that their failure to act contributed to the deprivation of his constitutional rights.
70. Plaintiff seeks relief under 42 U.S.C. § 1983.

## COUNT THREE — MUNICIPAL LIABILITY

**42 U.S.C. § 1983 — Monell Liability**

**Against Milwaukee County, Wisconsin**

71. Plaintiff incorporates paragraphs 1 through 70 as though fully set forth herein.

72. Milwaukee County is responsible for applicable policies, practices, training, and supervision relating to courthouse security and the conduct of personnel under its authority.

73. Plaintiff alleges that the incident raises concerns regarding the policies, practices, training, and supervision governing courthouse screening, additional screening procedures, requests for identification, and the involvement of responding deputies in courthouse security encounters.

74. Plaintiff alleges that the manner in which the incident escalated, including the threat of arrest and the failure of other responding deputies to intervene, raises questions regarding the applicable policies, practices, training, or supervision.

75. Plaintiff seeks discovery concerning the County's policies, training materials, procedures, and supervisory practices to determine whether an official policy, widespread custom, or deliberately indifferent failure to train or supervise was a moving force behind the alleged constitutional violations.

76. Plaintiff seeks to hold Milwaukee County liable to the extent that the evidence establishes the requirements for municipal liability under 42 U.S.C. § 1983.

# VII. DAMAGES AND INJURIES

77. Plaintiff alleges that the conduct described in this complaint resulted in the deprivation of his constitutional rights.

78. Plaintiff seeks compensatory damages for the harm resulting from the alleged constitutional violations, including emotional distress, humiliation, inconvenience, and other injuries established by the evidence.

79. Plaintiff seeks nominal damages for any constitutional violation established in this action.

80. Plaintiff seeks punitive damages against the individual defendants to the extent permitted by law and supported by the evidence.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor against the defendants found liable;

B. Award compensatory damages in an amount to be determined by the jury;

C. Award nominal damages for constitutional violations established in this action;

D. Award punitive damages against the individual defendants where permitted by law;

E. Order appropriate preservation and production of relevant evidence;

F. Award allowable costs; and

G. Grant any other relief the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# X. DECLARATION AND SIGNATURE

I, Eknolege El, formerly known as Marvin Ealy, declare under penalty of perjury under the laws of the United States that the factual statements made in this complaint are true and correct to the best of my knowledge and belief.

Date: NOV 12-2026

Respectfully submitted,

**Eknolege El**

Formerly known as Marvin Ealy

Address: 1720 w Meinecke Ave

City, State, ZIP: Milwaukee WI 53206

Telephone: 414 766 3363

Email: eknolegeel@gmail.com

**Plaintiff, Pro Se**