UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EKNOLEGE EL,

Plaintiff,

Case No. 26-cv-2098-pp

v.

WAYNE A. GRIFFIN, PAUL P. KASHISHIAN,
DANIEL K. DITTBERNER, MICHAEL GALEZEWSKI,
DEREK P. RHEAUME and MILWAUKEE COUNTY, WISCONSIN,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

On November 12, 2026, plaintiff Eknolege El, who is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his Fourth Amendment rights were violated. Dkt. No. 1. The plaintiff also has filed a motion asking for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant his motion and screen the complaint.

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff states that he is unemployed and that he receives $940 in monthly Social Security disability income. Dkt. No. 2 at 1-2. He has $1,219 in monthly expenses for rent and living expenses. Id. at 2-3. He also pays $200 a month to support his minor child. The plaintiff states that he has no cash or other assets. Id. at 4. The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so.

The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

## II. Screening the Complaint (Dkt. No. 1)

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]"

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B. The Complaint

On May 1, 2025, the plaintiff went to the Juvenile Justice Center (JJC) located in Milwaukee, Wisconsin to obtain paperwork related to his daughter. Dkt. No. 1 at ¶21. He went through the JJC's security screening metal detector at the entrance. Id. at ¶22. The detector's alarm did not trigger when he went through it, but the plaintiff was wearing his jacket and security personnel asked him to remove it. Id. ¶¶23-24.

The plaintiff questioned why he was required to remove his jacket when the detector's alarm did not go off. Id. at ¶¶25-26. An argument ensued and additional security staff were requested. Id. at ¶28. Deputy Wayne Griffin arrived and demanded that the plaintiff provide identification, which the plaintiff provided after Griffin threatened to arrest him if he refused. Id. at ¶¶29-33. The plaintiff says that the other deputies named in the complaint—Paul Kashishian, Daniel Dittberner, Michael Galezewski and Derek Rheaume—witnessed Griffin's demand and threat and did not intervene. Id. at ¶¶65-68. The plaintiff says that after he provided his identification, Kashishian escorted him to the clerk's office so that the plaintiff could obtain paperwork about his daughter. Id. at ¶37. Kashishian then escorted the plaintiff out of the JJC. Id. at ¶38.

The plaintiff does not allege that JJC security "was prohibited from conducting additional screening;" he alleges that "the encounter could have been handled without threatening him with arrest for questioning the screening instruction." Id. at ¶27. The plaintiff also does not allege that he was arrested, restrained or otherwise prevented from securing the paperwork he wanted to obtain from the JJC. See id. at ¶¶37-39.

C. Analysis

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . and effects, against *unreasonable* searches and seizures." U.S. Const. amend. IV (emphasis added). Typically, a search must be based on individualized suspicion of wrongdoing to be reasonable, but there are

exceptions. The Supreme Court has explained that for purposes of the Fourth Amendment, "where risk to public safety is substantial and real, blanket suspicionless searches calibrated to the risk may rank as 'reasonable'—for example, searches now routine at . . . entrances to courts and other official buildings." Chandler v. Miller, 520 U.S. 305, 323 (1997) (citing Nat'l Treasury Empls. Union v. Von Raab, 489 U.S. 656, 674-76 and n.3 (1989)).

The defendants' routine security screening of the plaintiff at the JJC—the metal detector and request for the plaintiff's jacket—was reasonable under the Fourth Amendment because it was calibrated to the risk of protecting public safety at a courthouse or government building. The plaintiff does not allege that he was arrested, restrained or denied entrance to the JJC. Instead, he alleges that he was compelled to comply with reasonably minimal safety precautions required of all visitors to the JJC. This does not offend the Fourth Amendment's prohibition against *unreasonable* searches. See, *e.g.*, Hodge v. Bd. of C'nty Comm'rs, Case No. RWT-10-2396, 2010 WL 4068793, at *2 (D. Md. Oct. 15, 2010) (dismissing Fourth Amendment claim on screening where the plaintiff was required to remove his belt to pass through a metal detector when entering a government building).

As for defendant Griffin's demand for the plaintiff's identification, this does not constitute a Fourth Amendment violation. Officers may require identification during a lawful search. See Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt C'nty, 542 U.S. 177, 185 (2004) (explaining that an investigatory stop must be "justified at its inception, and . . . reasonably related

in scope to the circumstances which justified the interference in the first place"); see also United States v. Chagoya-Morales, 859 F.3d 411, 419 (7th Cir. 2017) ("The Constitution does not prohibit the Government from requiring a person to identif[y] himself to a police officer." (quoting United States v. Farias-Gonzalez, 556 F.3d 1181, 1188 (11th Cir. 2009))). Here, the plaintiff alleged that he initially refused the defendants' request that he remove his jacket during a routine security screening at a government building entrance and argued with them until additional security were called. Those circumstances justified Griffin's demand to see the plaintiff's identification. See Cady v. Sheahan, 467 F.3d 1057, 1061-62 (7th Cir. 2006) (holding that the defendants did not violate the Fourth Amendment when they conducted a protective search for weapons of a process server who was lurking outside a courthouse early in the morning and became argumentative during questioning about what he was doing). And defendant Kashishian's escort of the plaintiff while he completed the purpose for his visit was a minimal security measure reasonably calibrated to protect public safety.

The plaintiff also alleged a municipal liability claim against Milwaukee County under Monell v. Department of Social Service of City of New York, 436 U.S. 658 (1978). See Dkt. No. 1 at ¶¶71-77. But the plaintiff has not sufficiently alleged a Monell claim because he has not alleged any facts supporting a plausible claim that he suffered a constitutional injury. See Petty v. City of Chicago, 754 F.3d 416, 424-25 (7th Cir. 2014) ("[I]t is well established that there can be no municipal liability based on an official policy under *Monell*

if the policy did not result in a violation of [the plaintiff's] constitutional rights." (quoting Houskins v. Sheahan, 549 F.3d 480, 493 (7th Cir. 2008)).

The court concludes that the complaint does not state a claim upon which a federal court may grant relief. The Seventh Circuit has held that when a court dismisses a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), it normally should give the plaintiff at least one opportunity to amend before dismissing the case. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). Because the plaintiff's allegations do not state facts which support any federal claim, the court concludes that it would be futile to allow the plaintiff to file an amended complaint.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the case is **DISMISSED WITH PREJUDICE** for failure to state a claim. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing *in this court* a notice of appeal within 30 days of the entry of judgment.

See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in this court. See Fed. R. App. P. 24(a)(1).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of November, 2026.

**BY THE COURT:**



**HON. PAMELA PEPPER**
**United States District Judge**